**RECORD NO. 15-4143**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ABBY WILMOTH,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT STATESVILLE

**BRIEF OF APPELLANT
ABBY WILMOTH**

Lisa S. Costner
LISA S. COSTNER, P.A.
407 Summit Street
Winston-Salem, North Carolina 27101
(336) 748-1885
costner1@triad.rr.com

*Counsel for Appellant*

## *TABLE OF CONTENTS*

Page

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTORY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF SUBJECT MATTER AND
    APPELLATE JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF ISSUE FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    **I.**    **AFTER EXTENSIVE AND THOROUGH RESEARCH, COUNSEL FOR THE APPELLANT HAS CONCLUDED THAT THERE ARE NO MERITORIOUS GROUNDS TO BE RAISED ON HER BEHALF ON THIS APPEAL** . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## *TABLE OF CITATIONS*

Page

### *CASE AUTHORITY*

*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396,
  18 L.Ed.2d 493 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7,10

### *UNITED STATES CODE*

18 U.S.C. § 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

21 U.S.C. § 802 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 U.S.C. § 841 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 U.S.C. § 843 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 U.S.C. § 846 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 U.S.C. § 856 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

### *UNITED STATES SENTENCING GUIDELINES*

§2D1.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,4,5

§2D1.8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

§2D1.11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

§2D1.12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4


## *RULES*

Rule 4(b), Federal Rules of Appellate Procedure . . . . . . . . . . . . . . . . . . . . . . . . . 1

## INTRODUCTORY STATEMENT

This brief is submitted on behalf of Abby Wilmoth, the Defendant/Appellant in the Court below.  The Appellee, the United States of America, was the Prosecution/Plaintiff in the Court below.

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This is a direct appeal by Appellant Abby Wilmoth from her guilty plea and sentence in a case originating out of the United States District Court for the Western District of North Carolina.  Jurisdiction was conferred upon the United States District Court pursuant to 18 U.S.C. § 3231 and 18 U.S.C. § 1331.  Appellate jurisdiction is conferred upon the Fourth Circuit Court of Appeals pursuant to 28 U.S.C. § 1291, and Rule 4(b), Federal Rules of Appellate Procedure.  Appellant Abby Wilmoth filed her notice of appeal on May 20, 2015.

## STATEMENT OF ISSUE FOR REVIEW

I.  **AFTER EXTENSIVE AND THOROUGH RESEARCH, COUNSEL FOR THE APPELLANT HAS CONCLUDED THAT THERE ARE NO MERITORIOUS GROUNDS TO BE RAISED ON HER BEHALF ON THIS APPEAL**

## STATEMENT OF THE CASE

On June 19, 2013, a federal grand jury for the Western District of North Carolina returned a thirty count indictment against Ms. Wilmoth and sixteen co-

defendants. (D.E. #3) Ms. Wilmoth was charged in eight of the thirty counts. Count 1 charged her with conspiracy to distribute, possess with intent to distribute and manufacture methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Count 2 charged her with possession and distributing pseudoephedrine, to be used to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(c)(2) and 802(34)(K). Counts 10 and 12 charged her with possession of materials to make methamphetamine and aiding and abetting, in violation of 21 U.S.C. §§ 843(a)(6) and (d)(2), and 18 U.S.C. § 2. Counts 11, 12 and 13 charged her with maintaining a drug-involved premises for the purpose of manufacturing and distributing methamphetamine, and aiding and abetting, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2. Count 15 charged her with possession of materials to make methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 843(a)(6) and (d)(2). The indictment also contained a Notice of Forfeiture and Finding of Probable Cause. (D.E. #3)

Ms. Wilmoth was arraigned on July 15, 2013 before Magistrate Judge David Keesler. (Dkt., p. 5)

On April 15, 2014, Ms. Wilmoth pled straight up as charged before Magistrate Judge Dennis Howell on April 16, 2014. (Dkt., pp. 8-9, D.E. #406)

According to the presentence report, for Count 1, Ms. Wilmoth's offense

base level was 30, pursuant to U.S.S.G. §2D1.1(c)(5). (D.E. #336, ¶20) Ms. Wilmoth also received a two level increase pursuant to §2D1.1(b)(1) for possession of a dangerous weapon. (D.E. #336, ¶21) Ms. Wilmoth then received an additional three levels, pursuant to §2D1.1(b)(13)(C)(ii) because the offense the offense involved the manufacture of methamphetamine and the offense created a substantial risk of harm to (I)human life other than a life described in subdivision (D); or (II)the environment. (D.E. #336, ¶22) The PSR concluded that Ms. Wilmoth's adjusted offense level was 35. (D.E. #336, ¶26)

For Count 2, Ms. Wilmoth's base offense level was 30 pursuant to §2D1.11(a). (D.E. #336, ¶27) Ms. Wilmoth also received a two level increase pursuant to §2D1.11(b)(1) for possession of a dangerous weapon. (D.E. #336, ¶28) Ms. Wilmoth also received an additional two levels, pursuant to §2D1.11(b)(3) because the offense the offense involved (A) an unlawful discharge, emission or release into the environment of a hazardous or toxic substance; or (B) the unlawful transportation , treatment, storage, or disposal of a hazardous waste. (D.E. #336, ¶29) The cross reference was applied, pursuant to §2D1.11(c)(1) because the offense involved unlawfully manufacturing a controlled substance, or attempting to manufacture a controlled substance unlawfully, therefore §2D1.1 was applied, with a resulting adjusted offense level

of 35. (D.E. #336, ¶30)  The PSR concluded that Ms. Wilmoth's adjusted offense level was 35. (D.E. #336, ¶34)

Counts 10, 12 and 15 were grouped for guideline purposes. (D.E. #336, ¶35) Ms. Wilmoth's base offense level was 12, pursuant to U.S.S.G. §2D1.12(a)(1). (D.E. #336, ¶36)   Ms. Wilmoth also received a two level increase pursuant to U.S.S.G. §2D1.12(b)(1) based on (A) intent to manufacture methamphetamine, or (B) knowing, believing, or had reasonable cause to believe that the prohibited flask, equipment, chemical, product, or material was to be used to manufacture methamphetamine.  (D.E. #336, ¶37) Ms. Wilmoth then received an additional two levels, pursuant to U.S.S.G. §2D1.12(b)(2)(A)because the offense the offense involved (A) an unlawful discharge, emission, or release into the environment of a hazardous or toxic substance, or (B) the unlawful transportation, treatment, storage, or disposal of a hazardous waste.  (D.E. #336, ¶38) The cross reference was applied, pursuant to §2D1.12(c)(1), because the offense involved unlawfully manufacturing a controlled substance, or attempting to manufacture a controlled substance unlawfully, therefore §2D1.1 was applied, with a resulting adjusted offense level of 35. (D.E. #336, ¶¶39, 43)

Counts 11, 13 and 14 were grouped for guideline purposes. (D.E. #336, ¶44) Ms. Wilmoth's base offense level was 37, pursuant to U.S.S.G. §2D1.8(a)(1).

(D.E. #336, ¶45) Ms. Wilmoth received a three level reduction in her offense level for acceptance of responsibility, resulting in a total offense level of 32. (D.E. #336, ¶55)

According to the PSR, Ms. Wilmoth's criminal history score was six, resulting in a criminal history category of III. (D.E. #336, ¶75) The resulting advisory guideline range was 151 - 188 months. (D.E. #336, ¶105)

Ms. Wilmoth filed several objections to the PSR. On March 2, 2015, Ms. Wilmoth appeared before the Honorable Richard L. Voorhees for sentencing. At the sentencing hearing, the Government conceded the objection concerning possession of the firearm, and the judge omitted the two level increase. (D.E. #400, pp. 8-11) Ms. Wilmoth also denied cooking methamphetamine. This objection was overruled by the court. (D.E. #400, pp. 6-7). Ms. Wilmoth's final objection was to the application of a three level increase for creating a substantial risk to the environment, pursuant to U.S.S.G. § 2D1.1(b)(13)(C)(ii). This objection was overruled. (D.E. #400, p. 10) After hearing objections, the court found that Ms. Wilmoth's offense level was reduced to 30, with an advisory guideline range of 121-151 months. (D.E. #400, p. 11) Ms. Wilmoth requested that the court grant her a downward variance and sentence her to 120 months, which was the mandatory minimum. The court did vary downward, and sentenced

Ms. Wilmoth to 120 months imprisonment on each count to run concurrently, followed by three years of supervised release, and an $800.00 special assessment. (D.E. #370) The Judgment and Commitment was filed on March 4, 2015. (Dkt. p. 7)

Ms. Wilmoth filed a timely notice of appeal on March 9, 2015. (D.E. #377)

## *STATEMENT OF FACTS*

In 2009, authorities began the investigation of a large-scale methamphetamine conspiracy in Wilkes County. The investigation revealed that the conspiracy extended into several other counties in western North Carolina. D.E. #336, ¶5) Ms. Wilmoth was engaged in the purchase of pseudoephedrine which was used in the manufacture of methamphetamine. She was also accused of cooking methamphetamine. Ms. Wilmoth denied cooking methamphetamine. (D.E. #195) Ms. Wilmoth, along with some of her co-defendants, was present at several meth lab sites. (D.E. #195, p. 3) Pseudoephedrine logs revealed that she purchased 110.78 grams (59 boxes) of pseudoephedrine. (D.E. #195, p. 3)

## *SUMMARY OF THE ARGUMENT*

1.  The undersigned has filed an *Anders* brief, alleging no appealable issues. The argument addresses the guilty plea and the sentencing

hearing.

## *ARGUMENT*

I. **AFTER EXTENSIVE AND THOROUGH RESEARCH, COUNSEL FOR THE APPELLANT HAS CONCLUDED THAT THERE ARE NO MERITORIOUS GROUNDS TO BE RAISED ON Her BEHALF ON THIS APPEAL**

**Standard of Review**

Under the rule enunciated in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in order to affirm the judgment of the District Court, the Court of Appeals must find that the instant appeal is wholly frivolous.

**Argument**

After thorough research of the complete record in this cause, counsel for Ms. Wilmoth has concluded that no meritorious issues can be raised on this appeal. Based on the record in this case and current law, the undersigned cannot identify any grounds which would invalidate Ms. Wilmoth's guilty plea and/or sentence.

A review of the plea colloquy reveals no evidence that Ms. Wilmoth's plea was not knowing and voluntary. (D.E. #400, #406) Ms. Wilmoth was placed under oath and informed that any statement she made could be used in another prosecution for perjury or making a false statement. (D.E. #406, p. 3) She

expressly consented to the entry of her plea before a magistrate judge. (D.E. #406, p. 4) She was informed that she had a right to plead not guilty and a right to a jury trial, a right to the assistance of counsel. She was also informed that she had a right to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses, and that she gave up these rights by pleading guilty. (D.E. #406, pp. 12-13)

The court explained to Ms. Wilmoth the nature of the charges to which she was pleading guilty, and informed her of the possible minimum and maximum penalties of each charge, the maximum fines, terms of supervised release, special assessment of $100.00 per charge, and the possibility of forfeiture and restitution. (D.E. #406, pp. 5-10)

Ms. Wilmoth was informed during her plea that the at sentencing, the court would consider the advisory Sentencing Guidelines, and that sentencing was in the court's discretion to depart or sentence outside the guideline range. (D.E. #406, pp. 11-12)

The court made inquiry and determined that Ms. Wilmoth's plea was voluntary, not the result of force, threats, or promises apart from the plea agreement. (D.E. #406, pp. 13-15)

At sentencing, Ms. Wilmoth was asked a series of questions by Judge Voorhees, the district court judge presiding over her case. Ms. Wilmoth reaffirmed the answers given to the magistrate judge when she entered her plea. (D.E. #400, pp. 4-5) She also stated that she was in fact guilty of the crimes, and that she still wished to plead guilty. (D.E. #400, p. 4) Judge Voorhees found that Ms. Wilmoth's plea was knowing and voluntarily made and that she understood the charges, potential penalties and consequences of the plea. (D.E. #400, p. 6) He also determined that the parties stipulated that there was a factual basis for Ms. Wilmoth's plea, and found that there was in fact a factual basis. (D.E. #400, p. 5)

The presentence report correctly calculated Ms. Wilmoth's criminal history. (D.E. #336, p. 18) The presentence report reported the applicable statutory minimums and maximums. (D.E. #336, p. 24) It further accurately stated the applicable term of supervised release. (D.E. #336, p. 25)

The presentence report was disclosed to Ms. Wilmoth in a timely manner. At sentencing, Judge Voorhees verified that Ms. Wilmoth and counsel read and discussed the presentence report. (D.E. #400, p. 6) Judge Voorhees resolved the parties objections, varied from the advisory guideline range, and sentenced Ms. Wilmoth to the mandatory minimum of 120 months. (D.E. #400, pp. 24-25)

After a review of the record, Appellate Counsel is unable to identify any errors relating to Ms. Wilmoth's plea and sentence, or any evidence of ineffective assistance of counsel or prosecutorial misconduct. Nevertheless, Ms. Wilmoth wishes to have this Court review the record to see if she is entitled to any relief.

## *CONCLUSION*

The undersigned respectfully requests that this Court conduct a full examination of the record in this case for possible prejudicial error and to determine whether any justifiable issue has been overlooked by counsel. In accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1386, 18 L. Ed. 2d 493 (1967), Appellate Counsel submits this brief in order to provide what assistance she can to the Court in conducting its review. A copy of this brief will be sent to Ms. Wilmoth along with a letter informing her that she has the right to raise any issues she chooses within a reasonable time. Counsel respectfully requests that this Court allow Ms. Wilmoth time "to raise any points that she chooses" in support of her appeal. *Anders*, 386 U.S. at 744, 87 S. Ct. At 1400, 18 L. Ed. 2d at 498.

Respectfully submitted, December 4, 2015.

/s/ Lisa S. Costner

_____
Lisa S. Costner
N.C. State Bar #14308
Lisa S. Costner, P.A.
407 Summit St.
Winston-Salem, NC   27101
336/748-1885 Fax: 336/722-9981
Costner1@triad.rr.com

## *CERTIFICATE OF COMPLIANCE*

1. This brief has been prepared using fourteen point, proportionally spaced typeface, specifically WordPerfect X7, Times New Roman, 14 point.

2. Exclusive of the corporate disclosure statement; table of contents, table of citations; statement with respect to oral argument; any addendum containing statutes, rules or regulations; and the certificate of service, this brief of the appellants contains:

   2552  words

I understand that a material misrepresentation can result in the Court's striking this brief and imposing sanctions.  If the Court so directs, I will provide an electronic version of the brief and/or a copy of the word or line printout.

/s/ Lisa S. Costner

_____
Lisa S. Costner
N.C. State Bar #14308
Lisa S. Costner, P.A.
407 Summit St.
Winston-Salem, NC   27101
336/748-1885
Fax: 336/722-9981
Costner1@triad.rr.com

## *CERTIFICATE OF SERVICE*

I hereby certify that on December 4, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Amy E. Ray
Assistant United States Attorney
Room 233, US Courthouse
100 Otis St.
Asheville, NC 28801

and by First-Class Mail to:

Ms. Abby Wilmoth
28570-058
FCI Hazelton
P.O. Box 5000
Bruceton Mills, WV  26525

Respectfully Submitted, December 4, 2015.

/s/ Lisa S Costner

_____
Lisa S. Costner
N.C. State Bar #14308
Lisa S. Costner, P.A.
407 Summit St.
Winston-Salem, NC   27101
336/748-1885
Fax: 336/722-9981
Costner1@triad.rr.com

- 13 -